Yang v. Sessions

BIA
A072 302 784

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand eighteen.

PRESENT:
       ROBERT D. SACK,
       REENA RAGGI,
       GERARD E. LYNCH,
         *Circuit Judges.*
_____

HONG XIONG YANG,
       *Petitioner,*

    v.                          17-1618
                                     NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
       *Respondent.*
_____

FOR PETITIONER:        Mike P. Gao, Flushing, NY.

FOR RESPONDENT:        Chad A. Readler, Principal Deputy
                         Assistant Attorney General;
                         Bernard A. Joseph, Senior
                         Litigation Counsel; Jason Wisecup,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hong Xiong Yang, a native and citizen of the People's Republic of China, seeks review of an April 27, 2017, decision of the BIA, denying his motion to reopen. *In re Hong Xiong Yang,* No. A072 302 784 (B.I.A. Apr. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Yang asserted that conditions for pro-democracy activists had worsened in China, excusing the untimely filing of his motion and demonstrating his prima facie eligibility for asylum based on his membership in the Democracy Party of China ("CDP") in the United States.

2

It is undisputed that Yang's 2017 motion to reopen was untimely filed more than fourteen years after his removal order became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Yang failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, reports from the U.S. Department of State demonstrate that the Chinese government has repressed pro-

3

democracy activists since before Yang's 2000 hearing. And the BIA did not err in declining to credit the unsworn letter from Yang's mother stating that police in China had discovered Yang's CDP activities in the United States. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (concluding that agency may choose not to credit documentary evidence submitted by movant found to be not credible in underlying proceedings).

Accordingly, because the BIA reasonably concluded that Yang failed to demonstrate a material change in conditions in China, it did not abuse its discretion in denying Yang's motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). Because the denial as untimely is dispositive, we do not reach the BIA's alternative basis for denying Yang's motion—his failure to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court